■ BERNICE B. FERES, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41658.) — HERLIHY, J. The State appeals from that portion of a judgment which awarded $9,580.70 as consequential damages. When this

appeal was orally argued before the court, the Attorney-General stated that the direct damage award in the amount of $5,184 was not in issue. The Court of Claims allowed consequential damages on the theory that the use to which the appropriated property will be put "will limit the view of claimant's property by people approaching it and traveling in a southerly direction". Loss of view or "limit the view", as stated by the court, is not compensable under the guise of consequential damages. The State, in its brief, concedes that the amount of the award should be $9,900, based upon the testimony of its expert that damage for the direct taking was $4,600 and the damage to the remainder of the property was $5,300. There is a fair basis in this record for accepting the testimony of the State expert as to the damage to the "back land" as a result of the taking of the north end frontage. In Nichols on Eminent Domain (vol. 4, § 14.1 [3]) it is stated: "The diminution in value of the remainder area by reason of the severance therefrom of the parcel appropriated is a direct result of the appropriation itself, regardless of all other elements of damage which are consequential in character. Such damage has been held to be an inescapable sequel to the 'taking' and, therefore, compensable." Accordingly, we affirm the court's findings of $5,184 for land taken and the additional amount of $5,300, which the State does not dispute, for a total of $10,484. Judgment modified, on the law and the facts, by reducing the quantum to $10,484, and, as so modified, affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.